# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50225
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 9, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO J. MARTINEZ-MEDINA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:13-CR-2444-1

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Francisco J. Martinez-Medina appeals the 57-months, within-guidelines prison sentence he received following his guilty plea conviction for illegal reentry. For the first time on appeal, he challenges the substantive reasonableness of his sentence, insisting that it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). In support of this claim, Martinez-Medina contends that U.S.S.G. § 2L1.2, the illegal reentry

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guideline, double counted his prior drug trafficking offense, resulting in a guidelines range that overstated the seriousness of his criminal history.  He also contends that the district court failed to give adequate consideration to his cultural assimilation, education, employment history, and family ties; to his alcohol addiction; and to his assertions that a long sentence was unnecessary to provide adequate deterrence to criminal conduct.  Finally, Martinez-Medina argues that a presumption of reasonableness should not apply to his within-guidelines sentence on appellate review because § 2L1.2 is not supported by empirical data and national experience.  He correctly concedes, however, that this argument is foreclosed by circuit precedent.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009); *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).

Our review is limited to plain error because Martinez-Medina did not object to the substantive reasonableness of his sentence in the district court. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).  Martinez-Medina has not demonstrated plain error in connection with his sentence.  The district court considered his mitigation arguments, concluded that the applicable guidelines range was reasonable, and imposed a sentence at the bottom of the range.  Martinez-Medina has not shown that his sentence fails to account for a § 3553(a) factor, "gives significant weight to an irrelevant or improper factor, or [ ] represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  Rather, his contentions essentially constitute a disagreement with the district court's weighing of the § 3553(a) factors.  We do not, however, reweigh the § 3553(a) factors on appeal or reexamine their relative import.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).    Martinez-Medina's claims are insufficient to rebut the presumption of reasonableness.  *See Duarte*, 569 F.3d

at 529-31; *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

The judgment of the district court is AFFIRMED.